Question Submitted by: The Honorable Dustin Roberts, Oklahoma State Representative, District 21
2014 OK AG 13
Decided: 10/17/2014
Oklahoma Attorney General Opinions

Cite as: 2014 OK AG 13, __ __

 
Â¶0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
1. May an Emergency Medical Service District, formed by vote of taxpayers under the provisions of Article X, Section 9C of the Oklahoma Constitution, lawfully use funds collected from the tax levy established by that section to purchase and operate a wheelchair van to transport patients discharged from a medical facility to a nursing home or place of residence when the medical necessity for an ambulance is not met but special circumstances exist that require transportation?
2. May a wheelchair van be used for transportation of patients to and from licensed rehabilitation facilities when the above conditions are present?
I.
An Emergency Medical Service District Formed Under Article X, Section 9C of the Oklahoma Constitution May use Tax Levies Only to Provide Emergency Ambulance Services.
Â¶1 Article X, Section 9C was added to the Oklahoma Constitution by State Question No. 522, by a vote of the people of Oklahoma on August 24, 1976.[1] Subsection (a) authorizing the formation of emergency medical service districts provides in pertinent part that:



(a) The board of county commissioners, or boards if more than one county is involved, may call a special election to determine whether or not an ambulance service district shall be formed. . . . All registered voters in such area shall be entitled to vote, as to whether or not such district shall be formed, and at the same time and in the same question authorize a tax levy not to exceed three (3) mills for the purpose of providing funds for the purpose of support, organization, operation and maintenance of district ambulance services, known as emergency medical service districts and hereinafter referred to as "districts."[2]



Id. (emphasis added) (footnote added).
Â¶2 Significantly, the language of Okla. Const. art. X, Â§ 9C uses the term "district ambulance services" interchangeably with "emergency medical service districts." Id. (emphasis added). The later term is used multiple times throughout the section. Additionally, subsection (b) of Section 9C authorizes the issuance of bonds "for the purpose of acquiring emergency vehicles" and subsection (e) refers to the "operation and maintenance of said emergency medical service." Id. (emphasis added). 
Â¶3 It appears that the terms "ambulance service" and "emergency service" were both central concepts in adoption of this amendment and the intended purpose was to provide ambulance services for emergency situations (emergency ambulance services). "A constitutional amendment should be construed in consideration of its purpose and be given a practical interpretation to carry out the plainly manifested purpose of the people who adopted it." Smith v. State Bd. of Equalization, 1981 OK 57, Â¶ 9, 630 P.2d 1264, 1267. The terms "ambulance" and "emergency" are not defined in Section 9C and therefore, are to be understood in their ordinary sense except where a contrary intention plainly appears. See Edmondson v. Pearce, 2004 OK 23, Â¶ 72, 91 P.3d 605, 635. The terms are defined in the Second College Edition of the American Heritage Dictionary to mean:



ambulance - "[a] vehicle specially equipped to transport the sick or wounded."
emergency - "[a]n unexpected situation or sudden occurrence of a serious and urgent nature that demands immediate action."



Id. at 101, 448.
Â¶4 Thus, the purpose of the constitutional provision is to provide specially equipped vehicles to transport sick or wounded persons when unexpected, sudden, serious, and/or urgent situations occur which demand immediate action. The funds collected pursuant to a Section 9C tax levy must be used to meet this purpose. 
Â¶5 In reaching this conclusion, we note that Okla. Const. art. X, Â§ 9C(b) provides:



Any district board of trustees may issue bonds, if approved by a majority vote at a special election for such purpose. All registered voters within the designated district shall have the right to vote in said election. Such bonds shall be issued for the purpose of acquiring emergency vehicles and other equipment and maintaining and housing the same.



Id. (emphasis added).
Â¶6 Thus, while tax levies may not be used to purchase non-emergency vehicles, bond money may be used for such purposes.
II.
Wheelchair Vans May be Purchased by Taxes Levied Pursuant to of Article X, Section 9c of the Oklahoma Constitution Only if They Are Specially Equipped Vehicles Used to Transport Sick or Wounded Persons for Unexpected Situations or Sudden Occurrences, Which are Serious and Urgent in Nature, and Demand Immediate Action.
Â¶7 Having determined that an emergency is required to use taxes levied under Section 9C we must determine whether a "wheelchair van" can be used for a constitutionally permissible purpose under Section 9C. The term "wheelchair van" is not used in Okla. Const. art. X, Â§ 9C. The basic concept of a wheelchair van is a vehicle, which has been modified or equipped with either a ramp or lift for access by persons in wheelchairs. It is conceivable that a wheelchair van could be considered an "ambulance," and that it could be suitable for use in an "emergency." To the extent that both elements exist, that the wheelchair van is an ambulance and that it is used for emergencies, then Section 9C funds could be expended.
Â¶8 We note the language of your question, which inquires about the permissibility of using a wheelchair van "when the medical necessity for an ambulance is not met," implies that the van would not qualify as an ambulance. Providing emergency medical service is a central purpose of Okla. Const. art. X, Â§ 9C, thus some form of emergency medical necessity would be required for the use of funds levied under this provision.
Â¶9 We determine that funds collected pursuant to Okla. Const. art. X, Â§ 9C may be used for situations requiring an ambulance (a vehicle specially equipped to transport the sick or wounded), which are also emergencies (unexpected situations or sudden occurrences of serious and urgent nature which demand immediate action). Section 9C funds may be used to purchase and operate a wheelchair van for this purpose, but only when both components of this purpose are present.
III.
Funds Collected Pursuant Article X, Section 9C of the Oklahoma Constitution may not be Used for Transportation of Patients to and From Licensed Rehabilitation Facilities.
Â¶10 As stated above, the purpose of Okla. Const. art. X, Â§ 9C is to provide emergency ambulance services. The transportation of patients to and from rehabilitation facilities does not involve an emergency. Thus, a tax levy under this section may not be expended to transport to and from rehabilitation facilities.
IV.
The Conclusions in This Opinion Require the Withdrawal of Attorney General Opinion 83-300.
Â¶11 In arriving at this interpretation, we are aware of a previous Attorney General Opinion, which addressed similar issues. In A.G. Opin. 83-300, the issue was whether an ambulance service district established pursuant to Article X, Section 9C of the Oklahoma Constitution had the authority to use levied funds for nonemergency transportation of persons within the district. The Opinion focused upon the definition of "ambulance," but did not acknowledge that providing "emergency" services is also a central purpose of Okla. Const. art. X, Â§ 9C. The Opinion concluded that "[t]he district may also provide transportation for sick people who are not in need of immediate enroute [sic] medical care," and that levied funds may be used to provide non-emergency transportation. A.G. Opin. 83-300, at 552. After conducting the analysis above, we see that the conclusion reached in A.G. Opin. 83-300 does not accurately reflect the purposes of this constitutional amendment. The language of the amendment expresses that Emergency Medical Service Districts are intended to provide "ambulance" services for "emergencies." To the extent that A.G. Opin. 83-300 relies upon reasoning or reaches a conclusion that is in conflict with this Opinion, it is hereby withdrawn. 



Â¶12 It is, therefore, the official Opinion of the Attorney General that:
1. An ambulance service district established pursuant to Article X, Section 9C of the Oklahoma Constitution may use taxes levied pursuant to that provision to purchase or operate wheelchair vans only if the intended use is to provide emergency ambulance services. Bonds may be issued under Section 9C(b) to acquire "other equipment" that could include a wheelchair van.
2. Funds collected pursuant to Article X, Section 9C of the Oklahoma Constitution may not be used for transportation of patients to and from licensed rehabilitation facilities as such transportation does not constitute an emergency.
3. To the extent that A.G. Opin. 83-300 relies upon reasoning or reaches a conclusion that is in conflict with this Opinion, it is hereby withdrawn.



E. SCOTT PRUITT
Attorney General of Oklahoma
ANASTASIA (STACY) PEDERSON
Assistant Attorney General 
FOOTNOTES
[1] Available at https://www.sos.ok.gov/gov/questions.aspx.
[2] This Opinion only addresses the use of funds collected pursuant to the tax levy established by Article X, Section 9C of the Oklahoma Constitution. There may be other methods established by law for the purpose of funding ambulance services and/or emergency services. This Opinion does not address whether it may be lawful to purchase or operate a wheelchair van using funds collected based upon any other funding mechanism.




 CitationizerÂ© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases

Â 
Cite
Name
Level



Â 
2004 OK 23, 91 P.3d 605, 
EDMONDSON v. PEARCE
Discussed


Â 
1981 OK 57, 630 P.2d 1264, 
Smith ex rel. State v. State Bd. of Equalization
Discussed